Matthew R. Schoech, Esq. (SBN 234774)
**SCHOECH LAW GROUP, PC**
3511 Del Paso Rd., Ste. 160 PMB 227
Sacramento, CA 95835
Tel:  (916) 569-1940
Fax:  (916) 569-1939
Email:  matt@norcallawfirm.com

GLEN A. VAN DYKE, SBN: 183796
MEGAN DEHERRERA, SBN: 306646
**VAN DYKE LITIGATION & TRIAL ATTORNEYS, P.C.**
940 Southwood Blvd., Ste. 102
Incline Village, NV 89451
Tel: (530) 214-3667
glen@vdlitigation.com
megan@vdlitigation.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM STOKES, on behalf of himself and others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>SKYFINEUSA, LLC, A Utah Limited Liability Company, and DOES 1-100, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO.  2:23-cv-00065-WBS-DB<br><br>**SUPPLEMENTAL BRIEFING RE AMOUNT IN CONTROVERSY**<br><br>Date:  April 10, 2023<br>Time: 1:30 p.m.<br>Dept.: 5<br>Judge:  Honorable William B. Shubb |

　　　　Plaintiff, Adam Stokes ("Plaintiff") submits the following Supplemental Briefing re Amount in Controversy pursuant to the Court's Order dated March 23, 2023.

**I.　　BACKGROUND**

　　　　On July 22, 2022, Plaintiff filed a class action complaint in the Sacramento Superior Court against Defendant, SkyfineUSA, LLC, a Utah Limited Liability Company ("Defendant"), seeking damages for Violation of the Consumer Contract Awareness Act of 1990, Fraud & Deceit, Negligent Misrepresentation, and Unfair Business Practices.   Defendant holds itself out to be the leading

1  manufacturer and distributor of ignition interlock devices ("IID") which are installed in individuals'
2  vehicles after they are convicted of a first DUI offense to prevent drinking and driving.

3  Plaintiff alleges that Defendant represented to Plaintiff and class members that IID devices carried
4  a monthly fee of $59.95 with no installation fees.  Defendant's installer required Plaintiff and class
5  members to electronically sign a work order for the installation of the IID.  The work order was a single
6  page document, a copy of which was not provided to Plaintiff or Class Members.

7  Plaintiff further alleges that, after the installation of the IID devices, Plaintiff and class members
8  would receive unauthorized charges by Defendant to their credit cards for various things like same day
9  appointment fees, override fees, tampering, removal by non-employee, lost/stolen/damaged IID,
10 appointment type remote download fees, violation lockout fee, device removal fee, final compliance
11 reporting fees, early termination fees, tempering fees, early termination of the monthly app fee, processing
12 fees, and other miscellaneous fees. Plaintiff contested the unauthorized charges then was charged
13 "disputed invoice fees".

14 After Plaintiff demanded that Defendant remove the IID device from his vehicle he was sent an
15 invoice for $3,671.25 and threatened Plaintiff that it would be reporting him to the State of California
16 Department of Motor Vehicles claiming that he "tampered" with the IID.  Plaintiff inevitably agreed to
17 pay fees of $700 to have the IID removed from his vehicle.  Overall, Defendant charged Plaintiff $5,400
18 until he was finally able to have the IID removed in July 2022.

19 Plaintiff demanded that Defendant provide him with a copy of his purported contract.  While no
20 contract was initially provided, Plaintiff was subsequently provided with a copy of a "Service Contract"
21 which Defendant claims that he signed.  Upon investigation, the "Service Contract" was created and/or
22 modified on May 25, 2022, despite allegedly being signed by Plaintiff on February 26, 2022.  Plaintiff
23 believes and contends that Defendant did not have Plaintiff or class members sign a "Service Contract" at
24 the time that the IID devices are installed into their vehicles, nor are they provided a copy.  Defendant
25 proceeds to charge excessive and exorbitant unauthorized fees without the informed consent of Plaintiff
26 or class members. If and when the fees are disputed, Defendant takes the electronic signatures from the
27 work orders signed for the installation of the IIDs and copy and pastes the electronic signature onto its
28 "Service Contract".

Plaintiff seeks to have the class certified, designation of Plaintiff as representative of the putative class, designation of Plaintiff's counsel as class counsel for the putative class, recovery of all actual damages incurred by Plaintiff and class members, reimbursement of all unlawful and fraudulent charges, punitive damages, restitution of all funds obtained by way of Defendant's unlawful business practices, and injunctive relief to stop Defendant's unlawful practices.

Plaintiff anticipates that the class will consist of thousands of individuals who had Defendant's IID devices installed on their vehicles, did not receive a copy of their "Service Contracts", and were subjected to exorbitant, unauthorized charges.

## II.    ARGUMENT

Plaintiff's individual claims do not exceed $75,000 but, if the class is certified, Plaintiff contends that the amount in controversy far exceeds $75,000. However, given the nature of the claims the amount in controversy for each class member cannot be aggregated and therefore would not meet the $75,000 threshold for diversity jurisdiction.

> The traditional rule is that multiple plaintiffs who assert separate and distinct claims are precluded from aggregating them to satisfy the amount in controversy requirement. *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40, 32 S. Ct. 9, 56 L. Ed. 81 (1911). In *Snyder v. Harris*, the Supreme Court applied that rule to representative actions, holding that the <u>claims of class members can be aggregated to meet the jurisdictional amount requirement only when they "unite to enforce a single title or right in which they have a common and undivided interest</u>." 394 U.S. 332, 335, 89 S. Ct. 1053, 22 L. Ed. 2d 319 (1969). To determine the character of that interest, courts look to "the source of plaintiffs' claims. <u>If the claims are derived from rights that they hold in group status, then the claims are common and undivided. If not, the claims are separate and distinct</u>." *Eagle v. Am. Tel. & Tel. Co.,* 769 F.2d 541, 546 (9th Cir. 1985).

*Urbino v. Orkin Servs. of Cal.,* 726 F.3d 1118, 1122 (9th Cir. 2013) (emphasis added).

Only where the claims can strictly "be asserted by pluralistic entities as such," or, stated differently, the defendant "owes an obligation to the group of plaintiffs as a group and not to the individuals severally," will a common and undivided interest exist. (*Gibson v. Chrysler Corp.*, 261 F.3d 927, 944 (9th Cir. 2001) (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1262 (11th Cir. 2000)).

When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount. *Troy Bank v. G. A. Whitehead & Co*. (1911) 222 U.S. 39, 40. "Examining only the claims of named class plaintiffs for purposes of the amount-in-controversy requirement in diversity class actions mirrors the treatment of the complete diversity requirement. In both instances, subject matter jurisdiction depends only on the named plaintiffs." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001).

Here, Plaintiff and class members claims are held individually, not jointly. It is anticipated that Plaintiff and class members' claims will individually be significantly less than the $75,000 threshold for diversity. Plaintiff received unauthorized charges from Defendant of approximately $5,400 and will be entitled to amounts actually paid to Defendant. Class members received their own unauthorized charges different from Plaintiff. Each class member could choose to bring their claims against Defendant individually and can be redressed without the involvement of Plaintiff or other class members.

Plaintiff's complaint does seek an award of punitive damages but, punitive damages in class action claims cannot be aggregated for purposes of amount in controversy. See *e.g. Id.* at 946; *Haisch v. Allstate Ins. Co.*, 942 F. Supp. 1245, 1251 (D. Ariz. 1996); *Borgeson v. Archer-Daniels Midland Co*., 909 F. Supp. 709, 719 (C.D. Cal. 1995); *Smiley v. Citibank, N. A.*, 863 F. Supp. 1156, 1163 (C.D. Cal. 1993). It is anticipated that Plaintiff and class members actual damages will each be less than $5,000 each so it would take a punitive damage award of at least 15 times the actual damages to exceed the jurisdictional limit which would likely be in violation of the due process clause of the 14th Amendment as few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process. *State Farm Mut. Auto. Ins. Co. v. Campbell* (2003) 538 U.S. 408, 425.

Because Defendant cannot show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied here the matter should be remanded to state court. See *Gibson*, *supra*, at 933.

| | |
|---|---|
| Dated: April 3, 2023 | Respectfully submitted,<br>**SCHOECH LAW GROUP, PC**<br><br>/s/ Matthew R. Schoech<br>MATTHEW R. SCHOECH<br>Attorneys for Plaintiff |

| EASTERN DISCTRICT OF CALIFORNIA<br>SACRAMENTO DIVISION | | FOR COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (Abbreviated): **Stokes, v. Skyfineusa, LLC, et al.** | | |
| ATTORNEY(S) NAME and ADDRESS<br>Matthew R. Schoech, Esq.<br>SCHOECH LAW GROUP, PC<br>3511 Del Paso Road, Ste 160, PMB 227<br>Sacramento, CA 95835 | TELEPHONE<br><br>Tel: (916) 569-1940<br><br>Fax: (916) 569-1939 | |
| ATTORNEY(S) FOR: **Plaintiffs** | HEARING: DATE-TIME-DEPT: | CASE NUMBER<br>**2:23-CV-0065-WBS-DB** |

DECLARATION OF SERVICE
[CCP §§ 1013; 1013a; 2015.5]

I, the undersigned, declare: I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; I am employed in the County of Sacramento, State of California, within which county the subject mailing occurred. My business address is 3511 Del Paso Road, Ste 160. PMB 227, Sacramento, California 95835. I served the documents named below on the parties in this action as follows:

**DOCUMENTS SERVED:** Plaintiff's Supplemental Briefing Re Amount in Controversy

**SERVED UPON:** See attached Service List.

[ ]  **BY MAIL:** I am readily familiar with the firm's practice for collection and processing documents for mailing with the U.S. Postal Service. I caused such documents to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list, with postage thereon fully prepaid, to be deposited with the United States mail at Sacramento, California that same day in the ordinary course of business. [CCP §1013]

[ ]  **BY FACSIMILE:** I caused the document(s) described herein to be transmitted from facsimile number (916) 569-1939 to the facsimile number(s) for each party indicated on the attached service list. [CCP §1013(e)]

[ ]  **BY OVERNIGHT MAIL:** I am readily familiar with the firm's practice for collection and processing of documents for mailing via overnight delivery. I caused such document(s) to be placed in a sealed envelope designated by the overnight service carrier, addressed to the person(s) on whom it is to be served pursuant to the attached service list, and deposited said envelope in a box or other facility regularly maintained by the overnight service carrier with delivery fees paid or provided for. [CCP §1013(c)]

[x]  **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, caused the document(s) described herein to be transmitted to the electronic service addresses for each party indicated on the attached service list. [CCP Section 1010.6]

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed on **April 3, 2023**, at Sacramento, California.

*Matthew Schoech*
_____
Matthew Schoech

# **Stokes, et al. , v. Skyfineusa, LLC, et al.**

**Sacramento County Superior Court Case No.: 34-2022-0000324073**
**Our File No. 2207022**
**Service List**
*Updated on April 3, 2023*

| | |
|---|---|
| Glen A. Van Dyke, Esq.<br>Megan DeHerrera, Esq.<br>**Van Dyke Litigation & Trial Attorneys, PC**<br>940 Southwood Blvd., Ste 102<br>Incline Village, NV  89451 | Co-Counsel for Plaintiff<br>**ADAM STOKES,** on behalf of himself and other similarly situated |
| Gabriel P. Herrera, Esq.<br>**Kronick Moskovitz Tiedemann & Girard**<br>1331 Garden Hwy 2nd Floof<br>Sacramento, CA 95833<br>Tel: 916/321/4500        Fax: 916/321-4555<br>gherrera@kmtg.com<br>bxiong@kmtg.com (Asst) | Counsel for Defendant<br>**SKYFINEUSA, LLC, a Utah Limited Liability Company** |
| Gregory S. Roberts, Esq.<br>**Ray Quinney & Nebeker P.C.**<br>36 south State Street, Suite 1400<br>Salt Lake City, UT  84111<br>Tel: 801/323-3396<br>groberts@rqn.com | Counsel for Defendant<br>**SKYFINEUSA, LLC, a Utah Limited Liability Company** |