Greggory J. Savage (*pro hac vice*)
Gregory S. Roberts  (*pro hac vice*)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
   Telephone:  (801) 532-1500
   Facsimile:  (801) 532-7453

Gabriel P. Herrera (State Bar No. 287093)
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
1331 Garden Hwy, 2nd Floor
Sacramento, California  95833
   Telephone:  (916) 321-4500
   Facsimile:  (916) 321-4555

Attorneys for SkyFine USA, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ADAM STOKES, on behalf of himself and other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKYFINE USA, LLC a Utah Limited Liability Company, and DOES 1-100, inclusive,<br><br>Defendants. | **SKYFINE USA, LLC'S BRIEF REGARDING AMOUNT IN CONTROVERSY**<br><br>Civil No. 2:23-cv-00065-WBS-DB<br><br>Judge William B. Shubb |

SKYFINE USA, LLC'S BRIEF REGARDING
AMOUNT IN CONTROVERSY

Defendant SkyFine USA, LLC ("SkyFine"), by and through counsel, hereby submits this brief regarding the amount in controversy in this matter as directed by the Court's March 23, 2023 Order (Dkt. No. 14).

The Complaint in this matter was originally filed in the Superior Court of the State of California, County of Sacramento, on July 22, 2023. The Complaint purports to be a class action asserting causes of action against SkyFine for (a) Violation of the Consumer Contract Awareness Act of 1990; (b) Fraud and Deceit; (c) Negligent Misrepresentation; and (d) Unfair Business Practices. Among other things, the Complaint requests (i) an award of actual and/or compensatory damages; (ii) an award of punitive damages; (iii) "[r]estitution pursuant to Cal. Bus. & Prof. Code § 17200, et seq.;" (iv) [i]njunctive and declaratory relief pursuant to Cal. Bus. & Prof. Code § 17200, et seq.;" and, (v) an award of "attorney fees pursuant to Cal. Code of Civil Procedure section 1021.5." The Complaint does not set forth a specific amount of damages sought by Plaintiff, either individually, or on behalf of a purported class.[1] However, Plaintiff alleges the class to consist of "in excess of thousands of individuals."

On December 20, 2022, Plaintiff provided SkyFine with copies of the Complaint and Summons filed in state court along with a Notice and Acknowledgement of Receipt. The Notice was executed on behalf of SkyFine on January 4, 2023. SkyFine thereafter removed this matter to this Court on January 11, 2023, based on the diversity of the parties. Plaintiff did not

---

[1] Plaintiff's recently provided Initial Disclosures do not provide any more notice regarding his claimed damages. The Disclosures state "[c]lass discovery has not yet been performed so it is premature to provide a computation of damages under class discovery is completed."

2

SKYFINE USA, LLC'S BRIEF REGARDING
AMOUNT IN CONTROVERSY

seek remand.[2]  The Court has now ordered the parties to address "whether the $75,000 amount in controversy requirement for diversity jurisdiction is satisfied."  As set forth below, SkyFine believes it is more likely than not that the amount in controversy exceeds $75,000.[3]

With respect to determining the amount in controversy, the Ninth Circuit has explained that such amount is the amount at stake in the underlying controversy and includes any result of the litigation that entails a payment by the defendant (excluding interest and costs).  This includes damages (compensatory, punitive or otherwise), the costs associated with complying with an injunction and attorney fees awarded under fee-shifting statutes or contract.  *See Shoner v. Carrier* Corporation, 30 F.4th 1144, 1148-49 (9th Cir. 2022); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 785, 793 (9th Cir. 2018); *Chavez*, 888 F.3d at 416; *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016).

Although SkyFine denies any wrongdoing and therefore liability, this litigation could hypothetically result in SkyFine paying damages of various types and incurring expenses associated with complying with an injunction.  Plaintiff has not provided any detail with respect to his damages but, as noted above, Plaintiff is deemed to have conceded that he seeks damages in excess of $75,000 by failing to contest removal.  See *Chavez*, *supra*, 888 F.3d at 416.

---

[2]  By not contesting removal Plaintiff has conceded that the amount in controversy is in excess of $75,000.  Although the parties cannot create subject matter where it does not otherwise exist, Plaintiff "is the master of [his] complaint, and [his] concession evinces a good faith belief that [his] complaint seeks over $75,000."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

[3] *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

3

SKYFINE USA, LLC'S BRIEF REGARDING
AMOUNT IN CONTROVERSY

Moreover, if damages or injunctive relief are awarded, Plaintiff will seek an award of attorney fees under a fee-shifting statute. Indeed, the Plaintiff alleges he and the other purported Class Members are "entitled to recover their attorneys' fees … pursuant to Cal. Code of Civil Procedure section 1021.5." This matter is in its early stages but Plaintiff will almost certainly seek an award of attorney fees that would cause the amount in controversy to exceed $75,000 in the event the Plaintiff prevails. In the Ninth Circuit, it has been recognized that 25% of recovery is commonly used as a benchmark for reasonable attorney fees in a class action. *Cabrera v. South Valley Almond Company, LLC*, 2021 WL 5937585, *11 (E.D. Cal. 2021) (*citing In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Thus, a damage award of only $60,000 (for the thousands of alleged Class Members) plus a "reasonable" fee award of $15,000 (i.e. 25% of the $60,000 damage award) would be all that is necessary to satisfy the amount in controversy requirement. Conversely, using a conservative average hourly rate of $400, Plaintiff's counsel would need only spend 188 hours for Plaintiff to incur fees in excess of $75,000. (And this, of course, does not take into account other damages or amounts that SkyFine could be required to pay.) Plaintiff's counsel likely spent significant time conducting pre-filing diligence before filing a class action complaint. Significant hours will be spent in discovery related to class matters followed by briefing on class certification. Following a ruling on class certification, discovery on the underlying merits will follow in some manner followed by dispositive motion practice and trial. All of this will most assuredly result in more than 188 hours being spent by Plaintiff's counsel on this matter.

Based on the foregoing, it is more likely than not that, should Plaintiff prevail in this matter, SkyFine will be required to pay amounts in excess of $75,000. The amount in controversy has therefore been met and this Court has jurisdiction.

DATED this 3rd day of April, 2023.

RAY QUINNEY & NEBEKER P.C.

*/s/ Greggory J. Savage*
Greggory J. Savage
Gregory S. Roberts

GABRIEL P. HERRERA
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD

*Attorneys for Defendant SkyFine USA, LLC*

1633964

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April 2023, I caused a true and correct copy of the foregoing **SKYFINE USA, LLC'S BRIEF REGARDING AMOUNT IN CONTROVERSY** were sent via email to the following counsel of record:

Matthew R. Schoech
SCHOECH LAW GROUP, PC
3511 Del Paso Rd., Ste. 160 PMB 227
Sacramento, CA 958835
matt@norcallawfirm.com

Glen A. VanDyke
Megan DeHerrerra
VAN DYKE LITIGATION & TRIAL ATTORNEYS, PC
940 Southwood Blvd., Ste. 102
Incline Village, NV 89451
glen@vdlitigation.com
megan@vdlitigation.com

/s/ Lori McGee

1633964