UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ADAM STOKES, on behalf of himself and others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>SKYFINEUSA, LLC, a Utah Limited Liability Company, and DOES 1-100, inclusive,<br><br>  Defendants. | No. 2:23-cv-00065 WBS DB<br><br>MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO REMAND |

----oo0oo----

    Plaintiff Adam Stokes initiated this putative consumer class action against defendant SkyFineUSA, LLC, for violation of the Consumer Contract Awareness Act of 1990, fraud and deceit, negligent misrepresentation, and unfair business practices.  (See Compl. (Docket No. 1-2).)  Defendant removed the action to this court from the Sacramento County Superior Court based on diversity.  (Docket No. 1.)

    A scheduling conference in this matter was set for

1

1  April 10, 2023.  Prior to the hearing, the court ordered the
2  parties to submit briefing addressing the amount in controversy
3  jurisdictional requirement.  (Docket No. 14.)  Upon review of the
4  briefing and following oral argument, the court now remands the
5  case on its own motion.
6       "Under 28 U.S.C. § 1441, a defendant may remove an
7  action filed in state court to federal court if the federal court
8  would have original subject matter jurisdiction over the action."
9  Moore-Thomas v. Ala. Airlines, Inc., 553 F.3d 1241, 1243 (9th
10 Cir. 2009).
11      Federal courts have original jurisdiction over cases
12 where complete diversity exists between the parties and the
13 amount in controversy exceeds $75,000, exclusive of interest and
14 costs.  28 U.S.C. § 1332(a).  "If at any time before final
15 judgment it appears that the district court lacks subject matter
16 jurisdiction, the case shall be remanded."  28 U.S.C. § 1447; see
17 also Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014)
18 (sua sponte remand is permissible where district court lacks
19 subject matter jurisdiction).
20      There is a "strong presumption" against exercising
21 removal jurisdiction when the amount in controversy is in
22 question, and "[f]ederal jurisdiction must be rejected if there
23 is any doubt as to the right of removal in the first instance."
24 Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal
25 citations omitted).  The amount in controversy includes "all
26 relief claimed at the time of removal to which the plaintiff
27 would be entitled if [he] prevails," Chavez. v. JPMorgan Chase &
28 Co., 888 F.3d 413, 418 (9th Cir. 2018), which may include

2

"damages (compensatory, punitive, or otherwise) . . . as well as attorneys' fees under fee shifting statutes," Gonzalez v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016).

"In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy." Chavez, 888 F.3d at 416. When a plaintiff's state court complaint does not specify an amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is more likely than not that the amount in controversy exceeds that amount." Id. (internal quotation marks omitted). A defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). However, conclusory allegations as to the amount in controversy are insufficient. See Corral v. Select Portfolio Servicing, Inc., 878 F.3d 770, 774 (9th Cir. 2017).

Plaintiff disputes that the requisite amount in controversy has been met. (Pl.'s Brief (Docket No. 15).) Defendant argues that the amount in controversy is satisfied based on the value of plaintiff's claims and plaintiff's anticipated attorneys' fees. (Def.'s Brief (Docket No. 16).) The court will address each in turn.

I.   Value of Plaintiff's Claims

"[C]laims of class members can be aggregated to meet the jurisdictional amount requirement only when they 'unite to enforce a single title or right in which they have a common and undivided interest.'" Urbino v. Orkin Servs. of Cal., Inc., 726 F.3d 1118, 1122 (9th Cir. 2013) (quoting Snyder v. Harris, 394 U.S. 332, 335 (1969)). "Only where . . . the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally, will a common and undivided interest exist." Id. (internal quotation marks omitted). Representative actions alleging violations of California labor law do not involve a common and undivided interest. See id. at 1122. Accordingly, the court will consider only the claims of the named plaintiff here when determining the amount in controversy for purposes of diversity jurisdiction. See id.

Plaintiff alleges that defendant improperly charged him approximately $5,400 in fees. (Compl. ¶ 19.) Although plaintiff also seeks punitive damages, defendant neither proposes an estimate of punitive damages nor cites any pertinent authority. Accordingly, the court will assume for purposes of this inquiry that the value of plaintiff's claims is $5,400. See Greene v. Harley-Davidson, Inc., 965 F.3d 767, 772 (9th Cir. 2020) (a defendant relying on punitive damages to satisfy the amount in controversy requirement must show that it is "reasonably possible that it may be liable for the proffered punitive damages amount," for example by "cit[ing] a case based on the same or a similar statute in which the jury or court awarded punitive damages based on the punitive-compensatory damages ratio relied upon by the

4

defendant"). To satisfy the $75,000 amount in controversy requirement, defendant must therefore establish that plaintiff's attorneys' fees are likely to exceed $69,600.

II. Attorneys' Fees

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy," Shoner v. Carrier Corp., 30 F.4th 1144, 1148 (9th Cir. 2022) (citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998)), including attorneys' fees incurred after the time of removal, Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 794 (9th Cir. 2018). If plaintiff prevails on his class claims, he will be entitled to attorneys' fees as a matter of right. See Cal. Civ. Proc. Code § 1021.5. Accordingly, the court may consider attorneys' fees when assessing the amount in controversy here.

In Gibson v. Chrysler Corporation, the Ninth Circuit held that an entire class's anticipated attorneys' fees could not be allocated to the named plaintiff for purposes of satisfying the amount in controversy. See 261 F.3d 927, 941 (9th Cir. 2001), holding modified on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005). It based this conclusion on the language of the applicable fee-shifting statute, which provides that a court may award attorneys' fees "to a successful party" rather than to a named or representative party. See id. at 942-43 (quoting Cal. Civ. Proc. Code § 1021.5) (emphasis in original).

Here, plaintiffs seek attorneys' fees under the same

1   fee-shifting statute at issue in Gibson.  (See Compl. at 11.)
2   The court will therefore consider only plaintiff's pro rata share
3   of anticipated attorneys' fees.  See Canela v. Costco Wholesale
4   Corporation, 971 F.3d 845, 850 (9th Cir. 2020) (explaining that
5   the Ninth Circuit "consider[s] a successful party's pro rata
6   share of attorneys' fees in assessing whether her claim meets the
7   jurisdictional threshold") (citing Gibson, 261 F.3d at 942).  To
8   satisfy the amount in controversy requirement, defendant must
9   establish that plaintiff's pro rata share of the attorneys' fees
10  is likely to exceed $69,600.

11          In cases involving a "common fund" that is distributed
12  to class members, district courts can award attorneys' fees based
13  on either a percentage of the total fund or a lodestar
14  calculation that incorporates reasonable valuations of the hours
15  expended and the hourly rate.  Hanlon v. Chrysler Corp., 150 F.3d
16  1011, 1029 (9th Cir. 1998).  "The reasonableness of attorneys'
17  fees, when such fees are unascertainable on the face of the
18  complaint, can be calculated by looking to other attorneys' fees
19  awards in similar cases."  Garnett v. ADT LLC, 74 F. Supp. 3d
20  1332, 1337 (E.D. Cal. 2015) (Shubb, J.) (citing Garcia, 2014 WL
21  2468344, at *5; Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th
22  Cir. 2005)).  In determining what constitutes a reasonable
23  attorneys' fee, district courts may rely on "their own knowledge
24  of customary rates and their experience concerning reasonable and
25  proper fees."  Oth Ingram v. Oroudjian, 647 F.3d 925, 928 (9th
26  Cir. 2011).

27          The complaint states that there are putative class
28  members "in excess of thousands of individuals."  (Compl. ¶ 6.)

6

1   For purposes of this inquiry, the court conservatively assumes
2   that there are 1,000 putative class members and allocates the
3   attorneys' fees equally between them.  Based on these
4   assumptions, plaintiff's counsel would need to be awarded more
5   than $69,600,000 as a "reasonable" attorneys' fee award.[1]  See
6   Buchanan v. Aramark Campus, LLC, No. 19-cv-00384 VKD, 2019 WL
7   3302164, at *7 (N.D. Cal. July 23, 2019) (applying similar
8   calculation in determining total requisite attorneys' fees based
9   on plaintiff's pro rata share).  Defendant has provided no reason
10  to believe that attorneys' fees in this action would reach such
11  an absurdly high amount.[2]

12       Accordingly, the court finds that defendant has not
13  proven by a preponderance of the evidence that the $75,000 amount
14  in controversy threshold is satisfied and has therefore failed to
15  overcome the presumption in favor of remand.

16       IT IS THEREFORE ORDERED that this case be, and the same
17  hereby is, REMANDED to the Superior Court of the State of
18  ///
19  ///

---

[1] This $69,600,000 figure results from $69,600 in attorneys' fees multiplied by 1,000 putative class members.

[2] Even if the court were to consider attorneys' fees as if the action were to proceed with a single plaintiff, defendant has not provided any evidence to establish that attorneys' fees would reach $69,600 for a case involving damages stemming from $5,400 in allegedly overcharged fees.
    Further, plaintiff seeks attorneys' fees under California Code of Civil Procedure § 1021.5, which deals with actions enforcing a right that affects the public interest.  If this case does not receive class treatment, plaintiff will likely not be entitled to attorneys' fees under that statute.  See Graham v. DaimlerChrysler Corp., 34 Cal. 4th 553, 565 (2004), as modified (Jan. 12, 2005).

1  California, in and for the County of Sacramento.

Dated: April 11, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE